Harper, J.
We agree with the Chancellor on the principles of his decree, which are the subject of appeal. The act of 1789 declares, that executors and administrators, shall annually, « at the first court to be held after the first day of January, render to the Court of the county, or ordinary of the district,” an account on oath; and if he “ shall neglect to render such annual account, he shall not be intitled to any commissions.” P. L. 495. A distinct clause gives to executors, and administrators, a compensation, not *186 exceed‘n& fifty shillings in the hundred pounds, on all moneys re* cetyed» and Pa*d away. Ib. It is not a condition, precedent to the allowing of commissions, that an account shall be rendered; but they are afi°wed> on afi sums received, and paid away, subject only to be forfeited, if the executor, or administrator, shall neglect to render an account. In the case supposed by the Chancellor, where an executor, or administrator, conducts large pecuniary concerns of an estate, and receives and pays away considerable sums of money,, and enters them regularly in his books, but dies at, or near the end of the year, it cannot be said, that he has neglected to return his accounts. The time for rendering the annual account had not arrived, and there was no neglect. From the necessity of the case, the account can then be rendered only by his personal representative.
As County Courts are no longer in existence, and as there are no stated times for holding the Court of Ordinary, the direction of the act, that the account shall be rendered at the first Court, to be held after the first day of January, can no longer have any effect ; and it has been long settled in practice, that returns may be made at any time of the year. It has been also settled, by repeated decisions, that if an executor, or administrator, makes returns for some years, and neglects to do so for others, he shall be allowed commissions for the years for which he makes returns, and for those only. It follows, that however long he may have neglected to render accounts, if he thinks proper at last to do so, he will be allowed commissions on the amounts received, and paid away, for one year preceding the rendering of such account. Up to the time of his death, if John Howell had thought proper to make a return, he would have had commissions for one year, preceding ; and what John Howell, at the time of his death, might do, his administrator, representing him, had a right to do afterwards.
As to the length of time, within which an administrator of an executor, or administrator, may, by making a return, intitle his testator’s, or intestate’s es'tate, to commissions, that, I think, must be determined by the clause of the act, which provides, that executors, and administrators, “ shall be allowed twelve months, to ascertain the debts due to and from the deceased, to be computed from the probate of the will, or granting letters of administration.” P. L. 494. Of necessity, some time must be allowed ; and there is no other limit than this. We think, then, that by making a return, at any time within one year after probate, or the granting of administration, the administrator of an executor, or administrator, may in- *187 title hia testator’s, or intestate’s estate, to commissions, for the trans. actions of one year preceding the testator’s, or intestate’s death.
It does not appear to us, at what time administration was granted to the defendant, Jesse M. Howell. The return was made by him, within one year and one month after his intes.tate’s death : for the decree states the intestate to have died in October, 1825, and the return to have been made in November, 1826. It is very improbable, and barely possible, that administration may have been taken out, in less than a month after his death. I must suppose this matter to have appeared to the Chancellor. The motion is therefore dismissed. .
Johnson, J., and O’Neall, J., concurred.

Decree affirmed.